UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saran Swami,<br><br>            Plaintiff,<br><br>     v.<br><br>District Attorney,<br><br>            Defendant | No.  2:14-cv-00844-TLN-EFB<br><br>**ORDER** |

      This matter is before the Court on a Motion for an Order to Return of the [sic] Seized Property and to Suppress the Evidence; and For Other Relief.  (ECF No. 3.)  Plaintiff is a pro se litigant who has filed this action against "District Attorney."  (Compl., ECF No. 1.)  Plaintiff requests the return of property including a computer and legal documents allegedly taken from his house on April 1, 2014.  Plaintiff alleges that without these documents he cannot be "represented effectively."  (ECF No. 3 at 2.)  Plaintiff requests that "the search warrant should be set aside, all the evidence should be suppressed and seized property should be returned."  (ECF No. 3 at 2.)

      As a threshold matter, Plaintiff has failed to comply with the requirements of Local Rule 231(c) with respect to temporary restraining orders, evidenced by his failure to complete the Court's TRO checklist.  (*See* ECF No. 4 at 4.)

      Similarly, Plaintiff's motion is devoid of detail.  Plaintiff's generic references to "search

1

warrant" and the "district attorney" indicate that Plaintiff is the subject of an investigation in a state court proceeding. If that is the case, there are state court avenues and processes to address Plaintiff's requests for relief. *See, e.g.*, Cal. Penal Code § 1538.5 (discussing motion to return property or to suppress evidence). Such motions must be made in the state court where the action is pending, not in the Eastern District of California, a federal court.

Construing Plaintiff's allegations liberally, this Court assumes that Plaintiff is alleging an illegal search and seizure or a deprivation of a property interest without due process in violation of 42 U.S.C. § 1983. However, these causes of action would not accrue until the accused is able to prove a termination of the proceedings in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Here, Plaintiff provides no facts indicating that the proceeding has terminated in his favor; to the contrary, it appears that the underlying proceeding is still ongoing as the alleged deprivation took place only a few days ago.

Finally, Plaintiff does not satisfy the stringent standard to grant ex parte injunctive relief. To qualify for a temporary restraining order, the moving party must demonstrate (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor. *See Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1986); *Regents of Univ. of Cal. v. Am. Broad. Cos., Inc.*, 747 F.2d 511, 515 (9th Cir. 1984); *see also* Fed. R. Civ. P. 65. Plaintiff does not address let alone satisfy the requirements of probability of success on the merits. Furthermore, for the above-stated reasons, Plaintiff has not demonstrated that this lawsuit raises serious questions of public interest with the balance of hardships tipping in his favor. Therefore, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 4, 2014

Troy L. Nunley
United States District Judge