UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAN SWAMI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT ATTORNEY,<br><br>　　　　Defendant. | No. 2:14-cv-844-TLN-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2

1  of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of
2  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
3  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).
4        Plaintiff's complaint is nearly unintelligible. He asserts that he has predicted and
5  observed the public killing and prosecution of victims by the County of Sacramento, claims that
6  the county took control of a house he owned by suing him in state court, contends that this
7  somehow led to the county causing "the killing of the occupant [of the house] by a fire," and that
8  defendant now wants to prosecute him. ECF No. 1 at 1.
9        Plaintiff further alleges that he is represented by attorney Keith Oliver and that "Plaintiff's
10 [sic] was and is running the office of attorney Keith Oliver from his home." On April 1, 2014,
11 defendant allegedly came to plaintiff's house and took his computer and legal documents.
12 Plaintiff contends this act was a violation of the attorney-client privilege, litigation privilege,
13 private attorney general privilege and his right to privacy. *Id*. at 2. He states that a "search
14 warrant should be set aside, all the evidence should be suppressed and seized property should be
15 returned." *Id*. Plaintiff further claims that "State Courts do not allow [him] and his attorney to
16 file any document[s]" and that "this court is the only court to provide any relief right now." *Id*.
17 The complaint purports to assert claim(s) pursuant to 42 U.S.C. § 1983 for depravation of his
18 rights. *Id*. at 3.
19       The most that can be gleaned from the complaint is that plaintiff appears to be alleging
20 that he is the subject of an investigation in a state court proceeding, and that his due process rights
21 were violated by an illegal search and seizure conducted by defendant. However, even that much
22 is not clear. The complaint fails to allege a coherent statement of facts showing a cognizable
23 claim. Assuming a section 1983 claim based on an unlawful search, "a § 1983 action alleging
24 illegal search and seizure of evidence upon which criminal charges are based does not accrue
25 until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v.*
26 *Walkdron* , 2010 F.3d 1008, 1015 (9th Cir. 2000). Plaintiff's complaint is devoid of any factual
27 allegations concerning the illegal search and seizure and state court proceeding, and therefore the
28 court cannot determine whether plaintiff may properly assert his claim at this time.

1   Similarly, the complaint contains insufficient factual allegations to permit the court to
2   determine whether plaintiff may bring his section 1983 claim against the named defendant,
3   "District Attorney."[2]  "Prosecutors are absolutely immune from liability under § 1983 for their
4   conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process."
5   *Betello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005).  The complaint alleges little more than
6   plaintiff's property was unlawfully seized pursuant to a search warrant the plaintiff believes to be
7   invalid.  Plaintiff, however, does not allege any facts demonstrating that defendant's conduct was
8   not intimately associated with the judicial phase of the criminal process.  Indeed, it is unclear
9   from complaint how the defendant was involved in the alleged unlawful seizure of plaintiff's
10  property.
11  The complaint also references 42 U.S.C. § 1988.  That section, however, does not create
12  an independent cause of action.  It is a provision allowing for the award of reasonable attorney's
13  and expert fees to the prevailing party in suits brought under certain causes of action created by
14  other statutes; it does not itself create substantive rights, but merely defines procedures.  *Schroder*
15  *v. Volcker*, 864 F.2d 97, 99 (1988); 42 U.S.C. § 1988(b), (c).  Because § 1988 does not provide
16  any independent cause of action, any claim brought under this section must also be dismissed.
17  In sum, plaintiff's complaint does not contain a short and plain statement demonstrating
18  that he is entitled to relief.  *See Twombly*, 550 U.S. at 554.  Therefore, the complaint will be
19  dismissed.  However, plaintiff is granted leave to file an amended complaint, if he can allege a
20  basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in
21  support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
22  (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any
23  deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the
24  amended complaint shall clearly set forth the allegations against defendant and shall specify a
25  basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's
26  claims in "numbered paragraphs, each limited as far as practicable to a single set of

---

[2] Although not stated in the caption, presumably the naming of "District Attorney" as the defendant is a reference to the Sacramento County District Attorney.

circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  April 13, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE