UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAN SWAMI,<br><br>            Plaintiff,<br><br>     v.<br><br>DISTRICT ATTORNEY,<br><br>            Defendant. | No.  2:14-cv-844-TLN-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 12. The order noted, among other things, that although plaintiff purported to assert a claim under 42 U.S.C. § 1983, it appeared that the only named defendant is immune from suit. Therefore, plaintiff's complaint was dismissed. However, plaintiff was granted leave to file an amended compliant if he could allege cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.

As noted in the court's prior order, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's

1

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of

subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

As was the case with plaintiff's original complaint, his first amended complaint is unintelligible and the basis for his claim cannot be deciphered. He alleges that for decades he has predicted and observed the public killing and prosecution of victims by the County of Sacramento, that the county took control of a house he owned by suing him in state court, that this somehow led to the county causing "the killings of the occupants [of the house] by a fire," and that defendant now wants to prosecute him. ECF No. 13 (emphasis omitted).

Plaintiff further claims that Officer Joyce Thorgrimson from the Sacramento District Attorney's Office obtained a search warrant by making false statements. *Id*. The only allegedly false statement identified in the complaint is that "attorney Oliver does not represent plaintiffs and all documents from plaintiffs should be seized." *Id*. Plaintiff alleges that he is represented by attorney Keith Oliver and that "Plaintiffs were [sic] running the office of attorney Keith Oliver from [his] home." *Id*. Plaintiff claims that on April 1, 2014, defendant allegedly came to plaintiff's house and took his computer and legal documents. Plaintiff contends this act was a violation of the attorney-client privilege, litigation privilege, private attorney general privilege and his right to privacy. *Id*. at 2. He also states that the state court ultimately found no wrongdoing on his part and that therefore all seized properties should be returned immediately. *Id*. The complaint purports to assert a claim pursuant to 42 U.S.C. §§ 1983 for violation of plaintiff's right to be "free from unlawful search and seizure and to be free from unwarranted governmental interference." *Id*. at 3.

Plaintiff's complaint specifically states that the "Defendant [in this action] is [the] District Attorney of Sacramento." *Id*. at 2. However, the complaint contains insufficient factual allegations to state a section 1983 claim against this defendant. As was previously explained to plaintiff, "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Betello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). Plaintiff once again fails to allege any facts demonstrating that defendant's conduct was not intimately associated with the judicial phase of

the criminal process.  Instead, he alleges little more than his property was seized pursuant to a warrant that he believes was invalid.  Moreover, he does not provide any facts indicating how the defendant was involved in the alleged unlawful seizure of his property.  Accordingly, plaintiff's complaint fails to state a claim.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff remains unable to state a proper claim for relief.  Therefore, this action should be dismissed, without further leave to amend, for failure to state a claim.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, it is hereby RECOMMENDED that the amended complaint (ECF No. 13) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4